CEDAR RAPIDS HIDE & FUR COMPANY, appellee, v. RAILWAY EXPRESS AGENCY, INC., appellant.

No. 47812.

(Reported in 46 N.W.2d 545)

MARCH 6, 1951.

Jordan & Jordan, of Cedar Rapids, for appellant.

John D. Randall and Richard F. Nazette, both of Cedar Rapids, for appellee.

BLISS, J.—On December 11, 1948, Clarence Burns delivered a shipment of green muskrat pelts to defendant at Montevideo, Minnesota, for transportation and delivery to plaintiff at Cedar Rapids, Iowa. The petition alleged that upon the arrival of said skins and before they had been delivered to, or accepted by, plaintiff, it was found that 284 skins "had been spoiled and damaged due to delay en route, and while the said skins were in the exclusive care and charge of the defendant as a common carrier for hire"; and that because of said damage plaintiff filed a claim with defendant for the said skins which had been spoiled. It was also alleged that after the number of damaged skins had been ascertained and the damage to each skin fixed at $1.05 by representatives of each party, defendant requested plaintiff to accept the shipment and to file a claim for the total amount of $298.20, and the claim would be paid. Plaintiff alleged that after the claim was filed defendant refused to make payment as agreed. Judgment for damages was prayed for the aforesaid amount with interest.

Defendant's answer admitted the filing of the claim, and denied the alleged agreement and liability in any amount. At the close of plaintiff's evidence, defendant filed a motion to dismiss on the ground that plaintiff had failed to establish a binding contract. Ruling was reserved and the motion was renewed at the close of all testimony.

There was no dispute in the evidence except on one matter. Defendant's agent in charge of its Cedar Rapids office did not dispute that when plaintiff's president was about to refuse the shipment because of the damage the agent requested him to accept the shipment at once in order to salvage as much as possible and thus decrease the damages. Both parties cooperated in caring for the shipment. Mr. Wilkinson, an inspector for defendant, and Mr. Mealey, plaintiff's secretary, prepared a "joint inspection

report" stating that the cause of the damage was due to a "delay en route", and fixing the salvage value of each skin at fifty cents, and the loss on each skin at $1.05. This report was made at five o'clock in the afternoon of December 14, 1948, the day of the delivery of the shipment. Plaintiff promptly filed its claim in accord with the findings in the joint report. Defendant's agent concedes all of the matters noted above and admits that he told plaintiff to file his claim, but, as a witness, he denied that he promised the claim would be paid. The evidence was that shipment between the two points usually required two days, but this one took three days. The joint inspection report and the claim which was filed were received in evidence.

The court overruled defendant's motions in its "Conclusions of Law and Opinion." In its "Findings of Fact", the court found the facts to be as stated herein and as alleged in plaintiff's petition, and that the damages were caused by delay en route in the amount claimed and as stated in the petition, and that defendant's agent had agreed that the amount would be paid.

Defendant's motions for new trial and for judgment notwithstanding the verdict were denied.

I. Defendant assigns two errors for reversal. One being that the "special contract upon which the action is based should have been held void as in violation of the Interstate Commerce Act as amended." (Title 49, Transportation, U. S. C. A.)

While the petition alleged defendant's agreement to pay the claim, plaintiff's cause of action as alleged in its petition is in fact one for damages under the bill of lading, or the "Express Receipt No. 933", under which the shipment was made, which, as provided by section 20(11) of Title 49, Transportation, U. S. C. A., makes the common carrier "liable to the lawful holder thereof for any loss, damage, or injury to such property, caused by it * * *."

The promise of the defendant to pay these damages was in no way in contravention of any provision of the Interstate Commerce Act or of its amendments. The plaintiff's claim for damages was a legitimate one and it was so conceded by defendant after prompt investigation. It was not a fictitious claim fabricated by the carrier and the consignee in order to favor the plaintiff, and in violation of the Act. The damage to the

shipment was caused by the defendant, and in order to prevent further damage to the furs, for which the defendant might be liable, the plaintiff, at defendant's request, accepted the furs and properly cared for them. It was in consideration of the initial damages and the plaintiff's acceptance of the shipment and salvaging service that defendant agreed to pay the claim. One of the objects of the Interstate Commerce Act and the various amendments thereto was to prevent unjust discrimination against some shippers and preferments to others. It does not prohibit legitimate settlements of damages caused by carriers, or arrangements made with a shipper to salvage property so damaged.

The decision in Carollo v. Railway Express Agency, Inc., by the Court of Appeals of Ohio, Lucas County, 52 Ohio App. 272, 3 N.E.2d 659, 6 Ohio Opinions 351, does not aid the defendant. As the opinion therein shows there was neither allegation nor proof that the damage to the strawberries was caused by the defendant. The other decisions of Federal courts cited by defendant do not sustain its contention in this case.

II. In defendant's second assigned error it urges that the evidence was insufficient to establish any agreement to pay the claim. The district court, in which the case was tried without a jury to the court, stated: "The equities are, in the opinion of the court, with the plaintiff. Relying on the contract, it accepted the goods, paid for them, and carried out its part of the agreement. The general current of the evidence seems to be with the plaintiff."

We think the judgment of the district court was right and was supported by the greater weight of the evidence.

Since the amount involved was less than $300, the required permission to appeal was granted by the district court.

The judgment is—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.